**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Savannah, Georgia**
**By pbryan at 10:59 am, Jan 24, 2013**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Savannah Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>12-41944</u> |
| JAMES ALLEN ZOW, SR. | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |

## OPINION AND ORDER

This order addresses the following two motions of James Allen Zow, Sr. ("Zow" or "Debtor"):[1]

    (1)  Mr. Zow's Motion to Recuse; and

    (2)  Mr. Zow's oral Motion for Stay Pending Appeal.

## Motion to Recuse.

Mr. Zow moves for me to disqualify myself pursuant to: 28

---

[1] These issues arise out of the following pleadings:

    (i) James Allen Zow, Sr.'s Emergency Motion Requesting the Honorable Susan D. Barrett to Disqualify Herself from Further Proceedings in CV12-41944 ("Motion to Recuse")(Dckt. No. 142); and

    (ii) Mr. Zow's oral motion a stay of the instant proceedings pending his appeal of the denial of his Motion to Recuse.

✎AO 72A
(Rev. 8/82)

U.S.C. §455(a); Federal Rule of Bankruptcy Procedure 5004(a);[2] Canon 3C of the Code of Conduct for United States Judges; and Southern District of Georgia Local Rule 7.7.

These respective provisions provide:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. §455(a).

A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case.

Fed. R. Bankr. P. 5004(a).

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

Code of Conduct for United States Judges, Canon 3C(1).

Emergency Motions. Upon written motion and for good cause shown, the Court may waive the time requirements of this Rule and grant an

---

[2] Unless expressly noted otherwise all references to Rules refer to Federal Rules of Bankruptcy Procedure.

2

> immediate hearing on any matter requiring an expedited procedure. The motion shall set forth in detail the necessity for such expedited procedure.

S.D. Ga. L.R. 7.7.

Mr. Zow argues that "a reasonable person, knowing the relevant facts, would expect that [I] should disqualify [myself] from the entire proceedings." Dckt. No. 142, p. 8. The basis for this motion is the fact that I have signed security deeds in which Mortgage Electronic Registration Systems ("MERS") is the nominee of my lender. Mr. Zow is pursuing several legal claims against MERS as well as Regions Bank d/b/a Regions Mortgage and Shapiro & Swertfeger, LLP, and argues the "contractual relationship" between MERS and myself is such that my impartiality might reasonably be questioned. I disagree.

"The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process." Davis v. Jones, 506 F.3d 1325, 1332 n. 12 (11th Cir. 2007) (internal citations omitted). The issue is whether a reasonable person with knowledge of all the facts would question my impartiality. In re Evergreen Sec., Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009); see also In re B & W Mgmt, Inc., 86 B.R. 1, 2 (D.D.C. 1988).

3

The recusal statutes are "not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). Nor, are they intended to be used as a delay tactic or to prevent the timely consideration of cases and controversies. U.S. v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (applying an objective standard and stating "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

In published ethics advisory opinions, the Administrative Office of the United States Courts has provided guidance in its interpretation of Canon 3C(1).[3] Advisory Opinion 94 provides in pertinent part:

> [A] judge must be allowed to manage his or her investments and to purchase goods and services, and that a commercial relationship with a party does not always require recusal. For example, we have said that a judge's impartiality cannot reasonably be questioned when a judge sits on a case involving an insurance company of which the judge is a policy holder, so long as the

---

[3] Although the Committee on Codes of Conduct is not authorized to render advisory opinions interpreting 28 U.S.C. §455, the language of Canon 3C closely tracts §455(a) and by analogy the opinions are informative. See Delta Air Lines, Inc. v. Sasser, 127 F.3d 1296 (11th Cir. 1997) ("[T]he Code of Conduct for United States Judges also sets forth (in substantially identical language) each of the statutory recusal principles . . . . The analysis and result is the same under the Code of Conduct.").

✎AO 72A
(Rev. 8/82)

case will not substantially affect the judge's interest in the policy. A judge who is a bondholder and periodically receives interest payments on the bonds may hear cases involving the bond issuer so long as the case does not involve the bonds held by the judge. Maintaining a bank account does not require a judge to recuse from cases in which the bank is a party, **nor does owing money to a bank require recusal, absent special circumstances such as unusually favorable terms or a default**. A judge who is a utility customer may hear cases involving the utility. A judge who receives a military pension may sit on cases in which the military is a party.

Consideration of several factors can help to reconcile these opinions and assist in identifying when recusal is necessary: (1) When a transaction is standardized and generally available to all who qualify, it is not likely to require recusal. To the extent that the parties to the transaction are fungible, with either party able to go elsewhere, the power of each party over the other is diminished, and therefore so is the appearance of impropriety. (2) When, during the pendency of the litigation before the judge, a relationship has previously been structured and is not likely to be restructured or to give rise to controversy regarding the duties of the parties, recusal is less likely to be required. The converse is also true: When a relationship is being negotiated or is likely to be renegotiated during the time a party is in court or there is a reasonable possibility that the relationship may become the subject of controversy during the pendency of the court proceeding before the judge, it is much more likely to require recusal. (3) The size of the investment is a relevant consideration in evaluating an appearance of impropriety. (4) It is relevant to consider whether the transaction gave rise to a personal and recurring relationship

5

> between the judge and the party or whether it is an impersonal market relationship. (5) Finally, it is necessary to consider whether there are any other unique characteristics of the transaction that give rise to an appearance of impropriety.

Advisory Op. 94, <u>citing</u> Advisory Op. 75.[4]

After considering this matter, I do not think a reasonable observer informed of all the facts and circumstances would have any reason to doubt my impartiality. The mere fact that MERS is the nominee of any lender with whom I have a contractual duty to pay money does not raise reasonable concerns as to my impartiality. Furthermore, I continue to think I can fairly and impartially consider the matters before me in this case. While I have recently refinanced my outstanding loans, the nature and terms of my transactions are standard and available to all qualified borrowers. The note and security deed are standard loan documents, common in almost every conventional home mortgage with MERS serving as the nominee of my lender. I have had no direct or personal relationship with MERS. There have been no defaults and my communication and payments continue to be with my lender not with MERS. It is highly unlikely that any of my transactions will give

---

[4] Mr. Zow's allegations involve 28 U.S.C. §455(a) and he does not allege I have a financial interest in MERS. Furthermore, I do not hold any financial interest in MERS requiring my recusal.

6

rise to any controversy. There is nothing unique about this case and controversy, nor my relationship with MERS that would cause a reasonable person to doubt my impartiality under these circumstances. See Townsend v. BAC Home Loans Serv., L.P., 461 F. App'x 367 (5th Cir. 2011)(fact that the judge had a line of credit from Bank of America was a baseless reason for recusal in case against BAC Home Loans Servicing, L.P.); In re U.S., 158 F.3d 26 (1st Cir. 1998)(district court not required to recuse in case prosecuting bank officials of a bank where judge and her husband had a delinquent loan with the bank); see also Delta Air Lines, Inc. v. Sasser, 127 F.3d 1296 (11th Cir. 1997)(finding judges were not required to recuse themselves on the ground that they accumulated and used frequent flyer miles, in a case where Delta Airlines sued a defendant for tortious interference with business relations, alleging the defendant illegally purchased airline tickets and frequent flier awards. The three judge panel of the Eleventh Circuit held they were not required to recuse themselves stating, "[I]t is clear to us that no reasonable person could question the impartiality of the panel judges under the instance circumstances. If [defendant's] position were the prevailing one, judges would be disqualified by the multitude of day-to-day consumer transactions, conducted in the ordinary course of the business of a vendor, in

7

which judges must and do participate as do all other citizens.").

In the case currently before me, I am confident I can consider the merits of this case impartially and the nature of my transactions do not merit my recusal. I also am confident that a reasonable person with knowledge of all the facts and circumstances would not question my impartiality. For these reasons I deny Mr. Zow's motion for recusal.

**Rule 8005.**

At the hearing held January 18, 2013, when I orally denied Mr. Zow's Motion to Recuse, he orally asked for a stay pending appeal which I denied pursuant to Rule 8005.

Pursuant to Federal Rule of Bankruptcy Procedure 8005,[5] a stay pending appeal may be granted if:

> 1) . . . the movant has shown a likelihood of success on the merits;

---

[5] Federal Rule of Bankruptcy Procedure 8005 states in pertinent part:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

8

> 2) . . . the movant has made a showing of irreparable injury if the stay is not granted;
>
> 3) . . . the granting of the stay would substantially harm the other parties; and
>
> 4) . . . the granting of the stay would serve the public interest.

In re Gulf States Steel, Inc. of Alabama, 285 B.R. 739 (Bankr. N.D. Ala. 2002). "The moving party must show satisfactory evidence on all four criteria." In re Bilzerian, 276 B.R. 285 (M.D. Fla. 2002). "Ordinarily, the first factor, likelihood of an appeal's success, is the most important factor when determining whether to grant a stay pending appeal. However, a movant does not always have to demonstrate a probable likelihood of success on the merits on appeal. Where the balance of the equities (factors 2 through 4) weigh heavily in favor of granting the stay, the movant need only show a 'substantial case on the merits.'" In re Shannon, 2010 WL 8569049 *2 (Bankr. S.D. Ga. August 31, 2010).

After considering the matter, I conclude that Mr. Zow has failed to establish the necessary requirements for obtaining a stay pending appeal. Given the standard nature of my loan documents, and the nature of the current case and controversy, I cannot find that the Debtor has shown a likelihood of success on the merits, nor a substantial case on the merits.

9

Furthermore, the balance of the equities (factors 2 through 4) do not weigh heavily in favor of granting the stay. As to the second factor, Debtor has not shown irreparable harm. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Cunningham v. Adams, 808 F.2d 815 (11th Cir. 1987). My continued involvement in this case will not cause irreparable harm to Mr. Zow. As stated above, Mr. Zow has stated no substantial grounds for my recusal. Even if Mr. Zow is successful and I have made adverse rulings in his case, such harm is not irreparable. While Mr. Zow's homeplace is at stake, there are no allegations that Regions Bank is not sufficiently solvent to satisfy any monetary judgment that may ultimately be entered against it. Therefore, any harm is not irreparable. Id.

The third factor to consider is whether granting the stay would substantially harm the other parties. At this point, the main opponents in Mr. Zow's chapter 7 bankruptcy are Regions Bank and Shapiro & Swertfeger, LLP. Mr. Zow has challenged Regions Bank's and Shapiro & Swertfeger, LLP's standing to participate in this bankruptcy. Conversely, both Regions Bank and Shapiro & Swertfeger, LLP maintain they have standing in this matter and assert that Mr. Zow has failed to make any house payments for a number of years and has instituted numerous delay tactics. Prior to

10

resolving the standing issues, this prong does not weigh in favor of either party.

The final consideration is whether granting the stay would serve the public interest. I find the public interest would not be served by granting a stay. This dispute has been pending in one form or another for years and there is no public interest in delaying reaching the merits of this case and controversy. Conversely, when the likelihood of success on the merits of my recusal is so tenuous and there has been great delay, I find the public interest is better served in resolving the matter promptly. See In re Hutter, 221 B.R. 632, 645 (Bankr. D. Conn. 1998)("[T]he public has a strong interest in preventing the abuse of the court system by those unable to pay their debts in a timely fashion."); see also In re Abba, 191 B.R. 680, 684 (Bankr. N.D. Ohio 1996)(finding the public interest in finality of judgments to prevent piecemeal litigation, conserve judicial energy and eliminate delays cause by interlocutory appeals weighed against granting the debtor's stay pending appeal).

For these reasons, Mr. Zow's motion for a stay pending appeal is denied.

11

For the foregoing reasons, Mr. Zow's Motion to Recuse is ORDERED DENIED.  It is FURTHER ORDERED that Mr. Zow's oral Motion for Stay Pending Appeal is DENIED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia

this __24th__ day of January, 2013.

12

AO 72A
(Rev. 8/82)