**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 4:49 pm, Feb 13, 2013*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Savannah Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>12-41944</u> |
| JAMES ALLEN ZOW, SR., | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## <u>OPINION AND ORDER REGARDING CREDIT COUNSELING</u>

Before the Court is Regions Bank's Motion to Dismiss Case Due to Debtor's Failure to Timely Obtain Credit Counseling and Failure to File a Valid Certificate of Credit Counseling as well as the Court's own Show Cause Notice on the same issue. For the reasons set forth on the record at the hearing held on February 8, 2013, as well as those set forth below, I find Debtor timely obtained his credit counseling and therefore is eligible to be a chapter 7 debtor.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") imposed a number of new eligibility and disclosure obligations on would-be debtors, including 11 U.S.C. §109(h), which requires debtors to receive credit counseling before filing for bankruptcy. Section 109(h) states "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by

such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. §109(h).

In this case, James Allen Zow, Sr. ("Debtor") filed his chapter 7 bankruptcy petition on October 2, 2012. Exhibit D to the bankruptcy petition indicates Debtor timely obtained his credit counseling, but that he did not have the certificate. Dckt. No. 1 Ex. D. The initial notice Debtor filed indicated he received counseling from 001 Debtorcc, Inc. on October 3, 2012, after he filed his bankruptcy petition. Dckt. No. 21. At the hearing on January 18, 2013, Debtor stated he completed the internet counseling session with 001 Debtorcc, Inc. on October 2, 2012 at 1:33 a.m. Debtor has filed a new certificate of counseling reflecting this October 2nd completion date. Dckt. No. 169, Ex. A.

Debtor stated the initial certificate listed the date the certificate was printed, not the date and time he actually completed the counseling. At the February 8, 2013 hearing, Debtor also testified he had obtained the counseling on October 2, 2012 and provided evidence of payment dated October 1, 2012. While Debtor

2

could not remember the exact counseling questions, he recalled they were detailed and involved the implications of filing bankruptcy.

At the January 18, 2013 hearing, the United States Trustee provided information regarding the terms and conditions of 001 Debtorcc, Inc. that made it unclear if Debtor had timely completed the course.   The terms and conditions provide that the course material is provided online, but "[a]fter completing the online course, you must speak with a live counselor to complete your counseling session."  Debtor provided credible testimony that the full counseling session was taken online via the internet and that there was no live counseling.   There was no contrary evidence provided.   In addition, the Court took a random sample of credit counseling certificates filed in the Southern District of Georgia in order to compare certificates from internet sessions versus telephonic sessions or live sessions.   The Court randomly selected certificates for cases filed February 7, 2013 and found the internet session certificates matched Debtor's certificate in material form. Furthermore, there was a certificate from an internet counseling session provided to another debtor by 001 Debtorcc, Inc. which matched Debtor's certificate in material form.   See Chap. 13 Case No. 13-10170, Dckt. No. 23 (Bankr. S.D. Ga. Feb. 7, 2013).

3

As to the fact that Debtor obtained the counseling session the day he filed his petition, Congress amended 11 U.S.C. §109(h)(1) in 2010 in response to a disagreement among courts regarding whether a debtor satisfies §109(h)(1) by receiving credit counseling on the same day he files his bankruptcy petition, rather than at least one day before filing. The technical correction makes it clear that counseling obtained the day of the petition satisfies the provisions of §109(h) provided the counseling session is completed prior to the filing of the petition. See In re Fiorillo, 455 B.R. 297, 302 n. 4 (D. Mass. 2011)(noting the Bankruptcy Technical Corrections Act of 2010 replaced "preceding" with "ending on" in section 109(h)). As a result, Debtor's certificate satisfies the requirements of §109(h).

For the foregoing reasons and for the reasons set forth at the hearing held on February 8, 2013, Region Bank's Motion to Dismiss Case Due to Debtor's Failure to Timely Obtain Credit Counseling and Failure to File a Valid Certificate of Credit Counseling is ORDERED DENIED.

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this _13th_ Day of February 2013.

4