**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:57 pm, Feb 13, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Savannah Division

| | |
|---|---|
| IN RE: ) | Chapter 7 Case |
| ) | Number <u>12-41944</u> |
| JAMES ALLEN ZOW, SR., ) | |
| ) | |
| Debtor ) | |
| ) | |

## OPINION AND ORDER DENYING TRANSFER OF VENUE

Before the Court is James Allen Zow, Sr.'s ("Debtor") motion to transfer venue. In the purported interest of justice, Debtor seeks to transfer his bankruptcy case to the Middle District of Florida, Tampa division ("Florida Court") pursuant to 28 U.S.C. §1412. For the reasons set forth at the hearing held February 8, 2013 and the following reasons, Debtor's motion is denied.

There is no question that the Southern District of Georgia is the proper venue as the place of Debtor's domicile. See 28 U.S.C. §1408. Pursuant to 28 U.S.C. §1412, "[A] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412. Federal Rule of Bankruptcy Procedure 1014 allows the bankruptcy court to transfer cases filed in the proper district "to any other district if the court determines that the transfer is in the interest of justice or for

✎AO 72A
(Rev. 8/82)

the convenience of the parties." Fed. R. Bankr. P. 1014(a)(1).

Debtor contends the interests of justice can only be served if his case is transferred. At the hearing, Debtor stated he honestly and sincerely believes his bankruptcy case should be transferred to a neutral venue outside the Southern District of Georgia. Debtor stated that since Judge Davis properly recused himself the fact that I am holding hearings in the Savannah courtroom where Judge Davis normally holds court and walking through Judge Davis' chambers creates an intolerable appearance of impropriety. Debtor further contends that my failure to recuse myself and his appeal of that order shows he cannot obtain a fair and impartial trial in the Southern District of Georgia and therefore he wants the case transferred to a neutral venue, which he claims is the Bankruptcy Court in Tampa, Florida.

Regions Bank argues this is just an additional bite at the recusal issue. Regions Bank argues that Debtor's assets are in Georgia and Regions Bank would be inconvenienced by travel and possibly having to seek pro hac vice admission because its counsel, which has been engaged in the litigation with Debtor for years, is not licensed to practice law in Florida. Regions Bank further argues Debtor has received impartial treatment in the Southern District of Georgia. Judge Davis recused himself at Debtor's

2

request and after his recusal I have granted Debtor's request for a continuance without requiring a doctor's note. Regions Bank urges this Court to deny the transfer of venue.

After considering the matter, Debtor has not met its burden in showing the interest of justice will be served by the transfer to the Florida court. Debtor voluntarily filed this chapter 7 bankruptcy in the Southern District of Georgia, Savannah division. Statutorily, venue is proper in the Southern District of Georgia. See 11 U.S.C. §1408. Debtor's assets are here. Debtor and his family live in Savannah. His wife is listed as a co-debtor and she lives and works in Savannah, Georgia. See Schs. H and I, Dckt. No. 28. Debtor's bank account is with Georgia Own Credit Union, in Savannah. See Sch. B, Dckt. No. 28. While Debtor has failed to provide adequate addresses for some of his creditors, a review of the schedules shows no reason to transfer the case to Florida. See Schs. E and F, Dckt. No. 28. Debtor's homeowner's association is listed as a creditor and is located in Savannah. See Sch. F, Dckt. No. 28. Thus, a review of the schedules reflects the case should remain in the Savannah division of the Southern District of Georgia.

Furthermore, Debtor's case will be handled fairly and impartially in the Southern District of Georgia. The fact that Debtor is appealing the denial of his Motion to Recuse does not alter this conclusion. See Waldron v. Gaetz, 2012 WL 5987387 *1 (S.D. Ill. Nov. 29, 2012)(adverse rulings not grounds for recusal or change of venue). I continue to know of no reason why I cannot

AO 72A
(Rev. 8/82)

fairly and impartially consider the matters before me in this case. As standard practice, recused cases in the Southern District of Georgia remain in the division where they are filed. There is nothing improper about this procedure and the mere fact that Judge Davis' chambers may be outside the courtroom does not merit the transfer of this case to Florida. After considering the totality of the circumstances of this case, there is no reason to transfer venue to the Florida court.

For the foregoing reasons and for the reasons set forth at the hearing held on February 8, 2013, Debtor's Motion to Transfer Venue is ORDERED DENIED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 13th Day of February 2013.

4