FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 12:22 pm, Aug 27, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Savannah Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>12-41944</u> |
| JAMES ALLEN ZOW, SR. | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## OPINION AND ORDER

Before the Court are Debtor's Motions for Judicial Disclosures. Dckt. Nos. 271, 273 and 284.

The Coastal Bankruptcy Law Institute (CBLI) is a non-profit corporation that annually conducts a bankruptcy seminar with its co-sponsor the Savannah Bar Association. Attendees tend to be members of the judiciary and bankruptcy bar from the Southern District of Georgia. <u>See</u> www.guidestar.org/organizations/58-2158784/coastal-bankruptcy-law-institute (last visited Aug. 23, 2013). Funding is through CBLI, not through First American Title Insurance Company.

Advisory Opinion 67 recognizes that:

> The education of judges in various academic and law-related disciplines serves the public interest. That a lecture or seminar may emphasize a particular viewpoint or school of thought does not necessarily preclude a judge from attending. Judges are continually exposed to competing views and arguments and are trained to consider and analyze them. Yet, notwithstanding the general principle that

> judges may attend independent seminars and accept the provision of or reimbursement for expenses, there are instances in which attendance at such seminars would be inconsistent with the Code of Conduct for United States Judges. It is consequently essential for judges to assess each invitation on a case-by-case basis.

Guide to Judicial Policy, Vol. 2B, Ch. 2, Committee on Codes of Conduct, Adv. Opinion No. 67.

The factors that "affect the propriety of a judge's attendance at an independent seminar" are numerous and include considerations such as the source of the funding, the sponsor and the topics to be discussed. Id. Debtor raises concerns over the portion of the seminar entitled "General Session-Foreclosures Gone Wild-Where are We Now?" As to the subject matter, Advisory Opinion No. 67 recommends consideration of:

> whether the topics covered in the seminar are likely to be in some manner related to the subject matter of litigation before the judge in which the sponsor or source of substantial funding is involved as a party or attorney; for example, it would be improper for a judge to attend a seminar if the sponsor or source of substantial funding for the seminar is a litigant before the judge and the topics covered in the seminar are directly related to the subject matter of the litigation....

Id.

As applied to this case, there is no reason for my disqualification as neither the sponsor nor the source of

2

AO 72A
(Rev. 8/82)

substantial funding is involved in the subject matter litigation before me. Also, my attendance of the seminar and its content do not taint the appearance of impartiality requiring disqualification; and, my attendance of the seminar is consistent with my obligations under the Code of Conduct for United States Judges, including without limitation Canons 2A and 3C(1).

Importantly, neither the content nor the name of the program raises grounds for my disqualification. This was a substantive program that I attended. The program, in question, was geared toward providing updates of what has happened from the title industry perspective with the recent mortgage crisis. The case *sub judice* was not discussed. This was a substantive presentation in which neither the plight of homeowners nor the mortgage industry were inappropriately discussed. My attendance at this program is not grounds for disqualification.

The remote "link" Debtor attempts to illustrate between the speaker, Regions and Regions' counsel also is not grounds for my recusal. The issue before me does not involve the title policy and this is not a grounds for my recusal.

Under the Judicial Conference Policy on Judges' Attendance at Privately Funded Education Programs, a "non-governmental source, *other than a state or local bar association, a subject-matter bar association*, a judicial association, the Judicial Division of the

3

AO 72A
(Rev. 8/82)

American Bar Association, or the National Judicial College, that wishes to pay for or reimburse federal judges' expenses" must disclose certain information to the Administrative Office of the U.S. Courts. See Judicial Conference Policy on Judges' Attendance at Privately Funded Education Programs (available at www.uscourts.gov//RulesAndPolicies/PrivateSeminarDisclosure.aspx) (last visited August 23, 2013)(emphasis added). "For purposes of this policy, the phrase 'subject-matter bar association' refers to an association of lawyers who practice in a specific area of the law." Id., at n. 1. CBLI is comprised of members of the bar representing all facets and interests raised in bankruptcy proceedings. Because the seminar is sponsored by a local bar association and a subject matter bar association, my attendance at the CBLI seminar is excluded from the requirements of disclosure under the Judicial Conference Policy on Judges' Attendance at Privately Funded Education Programs as it falls within the exceptions from reporting as privately funded educational programs. See Judicial Conference Policy on Judges' Attendance at Privately Funded Education Programs www.uscourts.gov//RulesAndPolicies/PrivateSeminarDisclosure.aspx). Furthermore, I have properly reported my attendance at this seminar in accordance with the judicial reporting requirements. 5 U.S.C. app. §101-111. Finally, the focus for disqualification is on the attendance at the seminar,

not the proper reporting mechanism.

  For the foregoing reasons, Debtor's Motions for Judicial Disclosure cite no grounds for my disqualification to consider this matter.

*/s/ Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 27th Day of August 2013.

5

AO 72A
(Rev. 8/82)