**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 12:46 pm, Aug 27, 2013*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Savannah Division

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
|  | ) | Number <u>12-41944</u> |
| JAMES ALLEN ZOW, SR. | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

## <u>OPINION AND ORDER</u>

Before the Court are several requests for Sanctions filed by James Allen Zow, Sr. ("Debtor"): Objection to Regions Bank d/b/a Regions Mortgage's Amended Motion for Relief from Stay and Request for Waiver of Rule 4001(a)(3) (Dckt. No. 100); Objection to Motion to Dismiss Case for Failure to File Documents under §521(i) (Dckt. No. 103); Motion to Strike False Statement by Regions Bank's Counsel Denise Rainwater Griffin (Dckt. No. 250); Respondent's Motion for Sanctions Against Regions Bank DBA Regions Mortgage and Their Counsel Denise Rainwater Griffin (Dckt. No. 297). For the following reasons, Debtor's requests for sanctions are denied.

Federal Rule of Bankruptcy Procedure 9011 states in pertinent part:

> (b) Representations to the court
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed

> after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). Rule 9011 applies to pro se litigants, such as Debtor. See Wilson v. BB&T Mortg., 2010 WL 49239372 *3 (N.D. Ga. Nov. 23, 2010)(finding pro se litigant's requests for sanctions improper where pro se party did not comply with the 21-day safe harbor provision); Kaye v. ACME Inv., Inc., 2008 WL 4482304 *1 (E.D. Mich. Oct. 1, 2008)("Pro se litigants must comply with Rule 11 no less than attorneys.").

Pursuant to Federal Rule of Bankruptcy Procedure 9011, a party seeking sanctions must notify the offending party twenty one days before filing the motion with the court to provide the

AO 72A
(Rev. 8/82)

offending party with an opportunity to withdraw the claim or correct its defects. See Fed. R. Bankr. P. 9011(c)(1). Rule 9011(c) also requires the motion for sanctions to be made by a separate motion. See In re Miller, 414 F. App'x 214, 217 (11th Cir. 2011)(permitting a party to rely on a motion to dismiss to satisfy the notice requirement would circumvent the plain language of Rule 9011). Failure to comply with the twenty-one day notice rule forecloses sanctions. See In re Miller, 414 F. App'x at 218 n. 4 (the failure to give plaintiff the twenty-one day safe harbor period forecloses Rule 11 sanctions) citing Macort v. Prem, Inc., 208 F. App'x 781, 786 (11th Cir. 2006) ("failure to give [plaintiff] the twenty-one day safe harbor period forecloses Rule 11 sanctions for the initial filing of a frivolous suit"); Wilson, 2010 WL 49239372 at *3; see also Tompkins v. Cyr, 202 F.3d 770, 788 (5th Cir. 2000). Debtor, as the movant, has the burden of proof to show he complied with the twenty-one day safe harbor provision and he has failed to allege he provided the proper notice to counsel and thus has failed to establish relief is appropriate. See Cappa Fund III, L.L.C. v. Actherm Holding, A.S., 2011 WL 817384 *2 (N.D. Tex. Feb. 21, 2011).

Furthermore, the motions are denied even under the Court's inherent §105 power to address the proceedings. See In re Evergreen, Sec., Ltd., 570 F.3d 1257, 1273 (11th Cir. 2009)(a bankruptcy court's inherent power which is not affected by the safe

3

harbor provision of Rule 9011.  To impose sanctions under the court's inherent power, the court must find bad faith).

Debtor's requests for sanctions raise legal issues including without limitation issues involving standing and timely credit counseling for which I find Regions Bank has valid arguments. See In re Corley, 447 B.R. 375 (Bankr. S.D. Ga. 2011)(finding under Georgia law, that the security deed follows the note); You v. JP Morgan Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013); In re Fontaine, 2011 WL 1930620 *2 (Bankr. N.D. Ga. April 14, 2011)(bankruptcy court during relief from stay proceedings only determines whether movant has a colorable claim).  The failure to disclose a title company's denial of a claim and its relationship to the HUD-1 is not material at this point in the proceedings and therefore sanctions are inappropriate at this point.  After reviewing the pleadings in question, I do not find Regions Bank's counsel has acted in bad faith.

Debtor also complains about Regions Bank's counsel's choice of language.  Dckt. No. 250.  While some of Regions Bank's language is unprofessional, counsel uses the challenged language as an unfortunate analogy to what it considers to be an abuse of the legal process by Debtor.  Without condoning counsel's choice of language, given the facts and circumstances of this case, I do not consider it to be sanctionable, nor do I find it to be in bad faith.

4

For the Debtor's failure to assert that he has followed the procedures set forth in Rule 9011 before seeking sanctions and for the reasons set forth herein, it is ORDERED that Debtor's Requests for Sanctions are DENIED.

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia

this 26ᵗʰ Day of August 2013.

5