IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Savannah Division

IN RE:                        )          Chapter 7 Case
                             )          Number <u>12-41944</u>
JAMES ALLEN ZOW, SR.      )
                             )
     Debtor            )
_____)

## OPINION AND ORDER

Before the Court are several motions: Motion and Amended Motion for Relief from Stay filed by Regions Bank d/b/a Regions Mortgage ("Regions"); Motion to Strike Regions Bank d/b/a Regions Mortgage's Motions Due to Lack of Constitutional and Prudential Standing filed by James Allen Zow, Sr. ("Debtor"); and Motion to Compel Identification of the Custodian's Name, Title, and Address filed by Debtor; Motion to Compel Originals filed by Debtor; Motion and Amended Motion to Strike Originals filed by Debtor; Motion for Leave to File Supplemental Affidavit filed by Regions; Emergency Motion to Dismiss Regions Bank as Alleged Secured Creditor due to Material Misrepresentations filed by Debtor; Motion to Compel Regions Bank DBA Regions Mortgage to Provide Accounting filed by Debtor; Motion for Leave to Supplement Offer of Evidence filed by Debtor; Motion for Leave to Supplement Objection to Regions Bank's Docs #166-1 & 166-2 filed by Debtor; Motion for Leave to Supplement

the Record with Newly-Discovered Evidence Supporting Respondent's Objection to Regions Bank's Proffered HUD-1 Statement; Motion Requesting Docket Be Corrected filed by Debtor; and Motion for Clarification Regarding Transcripts and Records of Proceedings. Consideration of these motions is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, Region's Amended Motion for Relief and the other motions are dismissed as moot.[1]

## CONCLUSIONS OF LAW

On October 2, 2012, Debtor filed for chapter 7 bankruptcy relief. Shortly thereafter, Regions filed a Motion for Relief from Stay in order to foreclose upon 19 Myrtlewood Dr. Savannah, Georgia ("the Property"), which is Debtor's residence. Regions amended its motion on November 13, 2012. Debtor has challenged Regions standing to file the Motion for Relief. The hearing on the motion for relief and Debtor's objection to standing was set initially to be heard in the Savannah Division by Judge Lamar W. Davis; however, Debtor filed a motion to recuse Judge Davis which was granted and the case was assigned to me. Thereafter, Debtor filed a motion to recuse me which was denied. Debtor appealed the order denying the motion to

---

[1] Debtor's various motions for sanctions are addressed under separate order.

AO 72A
(Rev. 8/82)

recuse and denying the motion to proceed in forma pauperis which the Eleventh Circuit dismissed. Dckt. No. 295.

The hearing on the motion for relief was held February 8, 2013 and upon conclusion the parties were given the opportunity to brief the issue of admissibility of exhibits and the effect of the invocation of the 5th Amendment upon the admissibility of the exhibits and to brief the issue of Debtor's homestead exemption under Georgia law. During this time, several motions have been filed as noted above. On April 25, 2013, the Chapter 7 Trustee filed his report of no distribution and his report of inventory and abandonment. Dckt. Nos. 265 and 267. In the report of inventory and abandonment, the Chapter 7 Trustee abandoned the Property. The deadline for filing objections to discharge was January 7, 2013 and no objection has been filed. Debtor received his discharge on August 21, 2013. Dckt. No. 303.

Pursuant to 11 U.S.C. §362(c)[2] the automatic stay of an

---

[2] 11 U.S.C. §362(c) states:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section--

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

(2) the stay of any other act under subsection (a) of this section continues until the earliest of--

3

act against property of the bankruptcy estate continues only until the property is no longer property of the estate, and the stay of any act under §362(a) continues only until the earliest of closure, dismissal, or discharge.  See 11 U.S.C. §362(c); In re Smith, Civil Action No. 3:12-00024 (S.D. Ga. Sept. 24, 2012)(concluding that pursuant to §362(c), "the subject property was therefore released from the automatic stay at two points - when the [Chapter 7 Trustee] abandoned the property . . . and when the Order of Discharge was entered. . . ."); In re Faloye, 459 B.R. 865, 867-68 (Bankr. N.D. Ga. 2011)(since the property was abandoned by the trustee and therefore, no longer property of the estate, the debtor's adversary against mortgagee had to be dismissed and mortgagee's motion for relief from stay was moot); In re Hunt, 2004 WL 5848035 *2 (Bankr. N.D. Ga. Sept. 1, 2004)(concluding motions for relief were moot where property had been abandoned by the trustee and the debtor had received a discharge).

---

   (A) the time the case is closed;

   (B) the time the case is dismissed; or

   (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied

4

In this case, the Chapter 7 Trustee has abandoned the Property and so it is no longer property of the bankruptcy estate. Furthermore, Debtor has received a discharge. Since the property is no longer property of the estate and the stay is no longer in effect, this Court lacks jurisdiction to hear the motion. Furthermore, Debtor's claim of Regions Bank's lack of standing do not "arise in" or "arise under" title 11 of the Bankruptcy Code and do not depend on bankruptcy law. See 28 U.S.C. §1334. Nor is the claim "related to" the bankruptcy case as it could not have any conceivable effect on the bankruptcy case being administered as the Property is no longer property of the estate, the Trustee has abandoned the Property and there is no distribution for unsecured creditors.[3]  See In re Faloye, 459 B.R. at 867.

Finally, to the extent the Court has jurisdiction, I abstain.  See 28 U.S.C. §1334(c)(1).  At this point, the dispute between Debtor and Regions should properly be decided in state court.

For these reasons, Region's Motion and Amended Motion for Relief is ORDERED DISMISSED as moot.  Debtor's Motion to Strike

---

[3]  In his brief, the United States Trustee on behalf of the Chapter 7 Trustee concluded that this is a no-asset Chapter 7 case. The Chapter 7 Trustee asserts that due to Regions' lien on the Property, there is no equity in the Property for distribution to Debtor's unsecured creditors.

AO 72A
(Rev. 8/82)

Regions Bank d/b/a Regions Mortgage's Motions Due to Lack of Constitutional and Prudential Standing, Motion to Compel Identification of the Custodian's Name, Title, and Address, Motion to Compel Originals filed by Debtor, Motion and Amended Motion to Strike Originals filed by Debtor, Motion for Leave to File Supplemental Affidavit filed by Regions, Emergency Motion to Dismiss Regions Bank as Alleged Secured Creditor due to Material Misrepresentations filed by Debtor, Motion to Compel Regions Bank DBA Regions Mortgage to Provide Accounting filed by Debtor, Motion for Leave to Supplement Offer of Evidence filed by Debtor, Motion for Leave to Supplement Objection to Regions Bank's Docs #166-1 & 166-2 filed by Debtor, Motion for Leave to Supplement the Record with Newly-Discovered Evidence Supporting Respondent's Objection to Regions Bank's Proffered HUD-1 Statement, Motion Requesting Docket Be Corrected filed by Debtor, and Motion for Clarification Regarding Transcripts and Records of Proceedings also are ORDERED DISMISSED as moot for the same reasons.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this _27th_ day of August, 2013.